**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-4713**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

GARY C. GERARD,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Mark S. Davis, District Judge. (2:17-cr-00102-MSD-DEM-1)

Submitted: May 17, 2018                         Decided: May 30, 2018

Before MOTZ and DUNCAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

James R. Theuer, JAMES R. THEUER, PLLC, Norfolk, Virginia, for Appellant. Joseph Kosky, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary C. Gerard pled guilty, pursuant to a written plea agreement, to one count of access with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (2012), and was sentenced to 66 months' imprisonment. On appeal, Gerard's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Gerard's guilty plea was knowingly and voluntarily entered and whether his sentence is reasonable. Although advised of his right to file a supplemental pro se brief, Gerard has not done so. The Government seeks to dismiss the appeal based on the appellate waiver provision in the plea agreement.

"A criminal defendant may waive the right to appeal if that waiver is knowing and voluntary." *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017); *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). To determine whether the waiver is knowing and voluntary, this court often looks to the sufficiency of the plea colloquy and whether the district court questioned the defendant about the appeal waiver, but ultimately the determination turns on "the totality of the circumstances." *Copeland*, 707 F.3d at 528 (internal quotation marks omitted). In evaluating the totality of the circumstances, courts consider "the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005) (internal quotation marks omitted). This court "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *Copeland*, 707 F.3d at 528 (internal quotation marks omitted).

2

We have reviewed the transcript of the Fed. R. Crim. P. 11 hearing and find that Gerard knowingly and intelligently waived the right to appeal both his conviction and sentence. The district court specifically questioned Gerard about the written appellate waiver and confirmed that he understood he was waiving his right to appeal by entering the agreement. The terms of the waiver were "clear and unmistakable." *See Blick,* 408 F.3d at 169. Gerard does not contend that the district court failed to question him concerning the appellate waiver or that he did not understand the full significance of the waiver. Based on the totality of the circumstances, we find that Gerard's appeal waiver was both knowing and intelligent and, therefore, enforceable as to issues within its scope.

A valid waiver does not bar matters outside the scope of the waiver or prevent this court from correcting a miscarriage of justice. *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Nor does Gerard's appeal waiver bar his constitutional challenge to the knowing and voluntary nature of his guilty plea. *See United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). We have reviewed the record and conclude that the district court fully complied with the requirements of Rule 11 in ensuring that Gerard's guilty plea was knowing, voluntary, and supported by a sufficient factual basis. Therefore, we find that his guilty plea was valid and affirm Gerard's conviction.

Counsel also questions whether Gerard's sentence was reasonable. Because Gerard's sentence did not exceed the statutory maximum, this claim falls within the scope of the waiver. Accordingly, we grant, in part, the Government's motion and dismiss the appeal as to Gerard's sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. We therefore dismiss the portion of the appeal challenging the reasonableness of Gerard's sentence based on his valid appellate waiver and affirm the remainder of the district court's judgment. This court requires that counsel inform Gerard, in writing, of the right to petition the Supreme Court of the United States for further review. If Gerard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gerard.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*